17-20
*In re Residential Capital, LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand seventeen.

**PRESENT:** JOSÉ A. CABRANES,
DEBRA A. LIVINGSTON,
SUSAN L. CARNEY,

*Circuit Judges.*

_____

SUSAN MARIE GRAY, PATRICIA J. MCNERNEY,

*Appellants,*

v.                                                                          17-20-bk

RESCAP BORROWER CLAIMS TRUST,

*Appellee,*

1

IN RE RESIDENTIAL CAPITAL, LLC,

        *Debtor.*[1]

_____

**FOR APPELLANTS:**                    SUSAN M. GRAY, Rocky River, OH.

**FOR APPELLEE:**                    JORDAN A. WISHNEW (Norman S. Rosenbaum, *on the brief)*, Morrison & Foerster LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 30, 2016 judgment of the district court is **AFFIRMED**.

## BACKGROUND

Appellants Patricia McNerney and Susan Gray (an attorney proceeding pro se) appeal from the district court's judgment affirming a bankruptcy court ruling that disallowed their proofs of claim against Debtors Homecomings Financial LLC ("Homecomings") and GMAC Mortgage, LLC. Homecomings filed a foreclosure action against McNerney. McNerney's bankruptcy proofs of claim were based on counter-claims she had asserted in that action, and Gray's proofs of claim sought attorney's fees incurred defending McNerney in that action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

We conduct a plenary review of bankruptcy appeals, assessing the bankruptcy court's legal conclusions de novo and its factual findings for clear error. *In re N. New England Tel. Operations LLC*, 795 F.3d 343, 346 (2d Cir. 2015). Discretionary rulings of a bankruptcy court are reviewed for "abuse of discretion." *In re Dana Corp.,* 574 F.3d 129, 145 (2d Cir. 2009). *See generally In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion").

_____

[1] The Clerk of Court is directed to amend the caption as set forth above.

Upon review, we conclude that the district court properly affirmed the bankruptcy court's decision. We affirm for substantially the same reasons stated by the district court in its thorough decision.

In support of their claim asserted under the Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345 *et seq.*, ("CSPA"), McNerney and Gray rely, for the first time, on a case interpreting the CSPA's 2007 amendments. However, this argument is raised for the first time on appeal, and we therefore decline to consider it. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016). And even if we were to consider it, McNerney and Gray have failed to draw our attention to any case or other authority holding that the conduct alleged here is both a "consumer transaction" and a "deceptive act" under the statute. Ohio Ann. Rev. Code §§ 1345.01, 1345.02.

## CONCLUSION

We have considered McNerney's and Gray's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court